# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ELIAS TANNER, | No. 4:18-CV-02295 |
|---|---|
| Plaintiff, | (Judge Brann) |
| v. | |
| KAWNEER NORTH AMERICA, | |
| Defendant. | |

## ORDER

### MAY 17, 2019

### Background

On August 2, 2016, Elias Tanner was terminated from his job with Kawneer North America. In response, Mr. Tanner initiated the above-captioned Americans with Disabilities Act action.[1] The operative complaint[2] argues that Kawneer (1) discriminated against Mr. Tanner on the basis of an actual or perceived disability; (2) retaliated against him for seeking accommodation of an actual or perceived disability; (3) failed to accommodate his disability. Kawneer now moves to dismiss Mr. Tanner's claims.

---

[1] ECF No. 1.

[2] ECF No. 9.

Discussion

*Whether Mr. Tanner Exhausted His Claim
for Discrimination Based on Actual Disability*

Kawneer argues that Mr. Tanner failed to exhaust his claim for discrimination based on actual disability since, Kawneer asserts, his EEOC Charge mentioned only discrimination based on perceived disability. This Court disagrees.

When deciding whether a discrimination claim is properly exhausted, this Court looks at "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."[3] It is true that the final sentence of Mr. Tanner's EEOC Charge states that he "believe[s] that [he] [was] terminated because [Kawneer] *perceived* me as having a disability."[4] The balance of that Charge, however, discusses Mr. Tanner's alleged *actual* disability: it alleges that he "was injured on the job"; that he "had a hard time lifting objects as a result of [that] injury"; and that Kawneer "failed to engage [him] in an interactive process to see whether [he] could have been provided with an accommodation" for his injury. It could be reasonably expected that the EEOC would investigate whether Mr.

---

[3] *Hicks v. ABT Associates, Inc.*, 572 F.2d 960, 966 (3d Cir. 1978); *see also Antol v. Perry*, 82 F.3d 1291 (3d Cir. 1996) (noting that a discrimination claim is exhausted if "the acts alleged . . . are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom") (citing *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984).

[4] ECF No. 15-1 (emphasis added).

Tanner's termination was due to that alleged actual disability.[5] He has therefore exhausted his actual disability discrimination claim.

*Whether Mr. Tanner Stated a Claim for*
*Discrimination Based on Perceived Disability*

Kawneer argues that Mr. Tanner has failed to state a claim for discrimination based on perceived disability since, Kawneer asserts, his alleged injury was insufficiently serious. This Court disagrees.

The ADA prohibits discrimination "on the basis of disability,"[6] and defines "disability" as, *inter alia*, "being regarded as having . . . an impairment."[7] Such perceived discrimination claims, however, do not lie where the impairment at issue is "transitory and minor[,] . . . with an actual or expected duration of 6 months or less."[8] Determining whether an impairment is transitory and minor is an objective inquiry.[9]

---

[5] *Cf. Seibert v. Lutron*, No. 09-5139, 2009 WL 4281474 (E.D. Pa. Nov. 30, 2009) (dismissing claim for discrimination based on perceived disability where the plaintiff's EEOC charge stated "that she was terminated for missing too many days of work; not that she was wrongly deemed unable, physically or mentally, to handle her job responsibilities").

[6] 42 U.S.C. § 12112(a).

[7] 42 U.S.C. § 12102(1).

[8] 42 U.S.C. § 12102 (3)(B)

[9] *Budhun v. Reading Hosp. and Medical Center*, 765 F.3d 245, 259 (3d Cir. 2014).

Although this question can be determined at the motion to dismiss stage if the relevant facts are "apparent on the face of the complaint,"[10] such is not the case here. While it is true that Mr. Tanner alleges that he "performed his job in a satisfactory manner" with "no . . . performance issues,"[11] he also alleges that his injury was "severe"[12] and that it "substantially limited [his] activity for a period in excess of six months."[13] Drawing all inferences in favor of Mr. Tanner—as this Court must at this stage—it cannot be said that, as a matter of law, his alleged disability is transitory and minor. He has therefore stated a claim for discrimination based on perceived disability.

*Whether Mr. Tanner*
*Exhausted His Retaliation Claim*

Kawneer also argues that Mr. Tanner failed to exhaust his claim for retaliation since, Kawneer asserts, he did not allege retaliation in his EEOC Charge. This Court disagrees.

As noted above, when deciding whether a discrimination claim is properly exhausted, this Court looks at "the scope of the EEOC investigation which can

---

[10] *Id.* (dismissing claim for discrimination based on perceived disability where "it [was] *abundantly clear* that [the employer] considered [the plaintiff] to have a broken bone in her hand and nothing more") (emphasis added).

[11] Amended Complaint ¶¶ 18-19.

[12] *Id.* ¶ 7.

[13] *Id.* ¶ 8.

4

reasonably be expected to grow out of the charge of discrimination."[14] It is true that Mr. Tanner did not check the box labelled "Retaliation" on his EEOC Charge.[15] That charge, however, alleges that, after being "injured on the job," Kawneer "failed to engage [Mr. Tanner] in an interactive process to see whether [he] could have been provided with an accommodation"—suggesting that Mr. Tanner reported his injury to Kawneer—and terminated him shortly afterwards. It could be reasonably expected that the EEOC would investigate whether Mr. Tanner's termination was due to reporting that injury and requesting accommodation for it. He has therefore exhausted his retaliation claim.

*Whether Kawneer Had a Duty to*
*Accommodate Mr. Tanner's Perceived Disability*

Kawneer argues that Mr. Tanner's failure-to-accommodate claim should be dismissed because, as matter of law, employers have no duty to accommodate mere perceived duties.[16] Mr. Tanner, in response, indicates that his failure-to-accommodate claim is based on Kawneer's failure to accommodate his alleged actual disability. For the sake of clarity, this Court will dismiss Count I of the

---

[14] *Hicks v. ABT Associates, Inc.*, 572 F.2d 960, 966 (3d Cir. 1978).

[15] *But see Demshick v. Delaware Valley Convalescent Homes, Inc.*, No. 05-2251, 2007 WL 1244440, at 12 (E.D. Pa. Apr. 26, 2007) (finding plaintiff's retaliation claim exhausted "even [though] she failed to check off the retaliation box on her initial EEOC charge").

[16] 42 U.S.C. § 12201(h).

Amended Complaint to the extent it relies on Kawneer's failure to accommodate Mr. Tanner's perceived disability.

*Whether Mr. Tanner's
Failure-to-Accommodate Claim is Time-Barred*

Kawneer argues that Mr. Tanner's failure-to-accommodate claim is time-barred because his May 25, 2017 EEOC Charge was filed more than 300 days after Kawneer's alleged refusal to satisfy Mr. Tanner's requests.[17] This Court disagrees.

Kawneer's argument is based on the theory that failure-to-accommodate claims are not analyzed under the continuing violations theory but instead accrue at the moment the request for accommodation is made.[18] This theory, however, only bars Mr. Tanner's failure-to-accommodate claim if this Court infers that Mr. Tanner did not seek accommodation for his injury on or after July 29, 2016.[19] Because the Amended Complaint does not pinpoint the exact date or dates that Mr. Tanner sought accommodation, this Court can—and therefore, at this stage, must—infer that his request for accommodation occurred on July 29, 2016 or later.

---

[17] 42 U.S.C. § 2000e-5(e)(1).

[18] *See Mercer v. SEPTA*, 608 Fed. Appx. 60, 63 (3d Cir. 2015).

[19] *See Wilson v. Mount Airy #1, LLC*, No. 3:15CV249, 2015 WL 8331869, at *4 n.7 (M.D. Pa. Dec. 9, 2015) (refusing to dismiss a failure-to-accommodate claim where the plaintiff "demonstrated independently recoverable denials of a requested accommodation" within the limitations period).

Disposition

For the reasons explained above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, ECF No. 13, is **GRANTED IN PART**, as follows:

1. Count I of the Amended Complaint, ECF No. 9, to the extent it is based on an alleged failure to accommodate a *perceived* disability, is **DISMISSED WITH PREJUDICE**.

2. The motion is otherwise **DENIED**.

3. Defendant's answer to Plaintiff's Amended Complaint is due May 31, 2019.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge